JOURNAL ENTRY AND OPINION
Defendant-appellant John A. Jones, Jr. appeals from the sentence of the trial court classifying him as a "sexual predator." For the reasons adduced below, we reverse the sexual predator determination and remand for further proceedings.
A review of the record on appeal indicates that on April 8, 1998, appellant, following a trial to the bench, was convicted of two counts of Rape in violation of R.C. 2907.02 and one count of Kidnapping in violation of R.C. 2905.01. The victim was a female first cousin of the appellant. Immediately after the announcement of the verdict on April 8, 1998, the trial court sentenced the appellant to three concurrent terms of five years imprisonment. During the sentencing, the court reiterated the evidence it found warranted the sentence and concluded that this evidence and the appellant's criminal record supported a determination that appellant was a "sexual predator" pursuant to R.C. 2950.01 et seq.
This timely appeal, which does not argue on assignment the propriety of the underlying rape convictions, presents two assignments of error for review.
I
 THE TRIAL COURT ERRED WHEN IT FOUND THE APPELLANT TO BE A "SEXUAL PREDATOR" WITHOUT GIVING THE APPELLANT NOTICE OF AND HOLDING A HEARING AT WHICH EVIDENCE COULD BE PRESENTED AS MANDATED BY OHIO REVISED CODE § 2950.09.
As stated in State v. Cook (1998), 83 Ohio St.3d 404, 423-424:
 R.C. 2950.09(B)(1) requires the trial court to hold a hearing prior to sentencing to determine whether the offender is a sexual predator in cases where the offender has committed a sexually oriented offense on or after January 1, 1997, but has not been convicted of a sexually violent predator specification in the indictment. If the sexually oriented offense is a felony, the judge may conduct the hearing as part of the sentencing hearing required by R.C. 2929.19. R.C. 2950.09(B)(1). At the hearing, the offender and the prosecutor have the opportunity to testify, present evidence, and call and examine witnesses and expert witnesses regarding the determination of whether the offender is a sexual predator. Id. Further, the offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed. Id. The standard for determining whether the offender is a sexual predator is by clear and convincing evidence. R.C. 2950.09
(B)(3).
R.C. 2950.01(E) provides:
 "`Sexual predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." (Underline added.)
As to notice of the sexual predator determination hearing, R.C.2950.09(B)(1) specifically provides that "[T]he court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing." (Emphasis added.) The trial court in the case sub judice committed plain error in failing to give the required notice to the parties. Absent compliance with the mandatory notice provision, appellant's classification as a sexual predator must be vacated and the matter remanded for a sexual predator determination hearing with proper advance notice of the hearing issued to the parties.
The first assignment of error is affirmed.
II
 THE TRIAL COURT ERRED WHEN IT FAILED TO INCLUDE IN THE SENTENCING JOURNAL ENTRY THAT IT HAD FOUND THE APPELLANT BY CLEAR AND CONVINCING EVIDENCE TO BE A SEXUAL PREDATOR PURSUANT TO OHIO REVISED CODE § 2950.09(B)(1) AS MANDATED BY § 2950.09(B)(3)
R.C. 2950.09(B)(3) provides the following:
 (3) After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. If the judge determines that the offender is not a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is not a sexual predator. If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. The offender and the prosecutor who prosecuted the offender for the sexually oriented offense in question may appeal as a matter of right the judge's determination under this division as to whether the offender is, or is not, a sexual predator. (Italicization added.)
Quite clearly, the trial judge's sentence and judgment of conviction does not specify that appellant was determined by the court to be a sexual predator, nor did it specify that the determination was made pursuant to R.C. 2950.09(B). See R.C.2950.09(C)(3). Accordingly, the sexual predator determination is vacated and the matter remanded for a new sexual predator determination hearing to be conducted in accordance with the dictates of R.C. 2950.09.
The second assignment of error is affirmed.
Sexual predator determination reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellant(s) recover of said appellee(s) his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TIMOTHY E. McMONAGLE, P.J., and MICHAEL J. CORRIGAN, J.,CONCUR.
 ___________________________________ JAMES D. SWEENEY JUDGE